FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANTOINE WILLIAM FITZGERALD,<br><br>　　　　　　Defendant. | No.   2:24-CR-0059-RLP<br><br>ORDER ON MOTION TO DISMISS INDICTMENT |

　　　Before the Court is Defendant Antoine Fitzgerald's motion to dismiss the Indictment, charging him with failing to register as a sex offender in violation of 18 U.S.C. § 2250(a) (ECF No. 30). Oral argument was held on February 18, 2025. Mr. Fitzgerald was present and represented by Adrien L. Fox of the Federal Defenders of Eastern Washington and Idaho. Assistant United States Attorney Frieda K. Zimmerman appeared on behalf of the Government.

　　　The charge in the Indictment is predicated on Mr. Fitzgerald's 1997 conviction for attempted rape in the second degree in violation of Washington law. ECF No. 30. In his motion, Mr. Fitzgerald argues the Indictment should be

ORDER ON MOTION TO DISMISS -- 1

dismissed because his 1997 conviction is not comparable to a Tier II or III predicate offense under 18 U.S.C. § 2250(a). The Court finds Mr. Fitzgerald's 1997 is comparable to a Tier III offense and, as a result, denies Mr. Fitzgerald's motion.

## BACKGROUND

Mr. Fitzgerald pleaded guilty to the crime of attempted rape in the second degree, former RCW 9A.44.050(1)(a) (1993) and 9A.28.020(1) (1994) in 1997. The current Indictment charges Mr. Fitzgerald with failure to register as a sex offender on or about April 16, 2024, in violation of the federal Sex Offender Registration and Notification Act ("SORNA"). *See* ECF No. 1.

SORNA's registration requirements differ depending on the "Tier" of a predicate sex offense. 34 U.S.C. § 20911. In relevant part, a Tier III offender is a sex offender whose offense is "comparable to or more severe than" aggravated sexual abuse (as described in section 2241 of Title 18). 34 U.S.C. § 20911(4)(A)(i). A Tier III offender is required to maintain a current registration for his or her entire life. 34 U.S.C. § 20915(a)(3). A Tier II offender is, in relevant part, "a sex offender other than a tier III sex offender" and whose offense is "comparable to or more severe" than "abusive sexual contact (as described in section 2244 of Title 18)" when committed against a minor. 34 U.S.C. § 20911(3)(A)(iv). A Tier II offender is required to register for twenty-five years. 34 U.S.C. § 20915(a)(2). A Tier I

ORDER ON MOTION TO DISMISS -- 2

offender is "a sex offender other than a tier II or tier III sex offender." 34 U.S.C. § 20911(2). Tier I offenders must maintain their registration for fifteen years. 34 U.S.C. § 20915(a)(1).

Mr. Fitzgerald has filed a motion to dismiss the Indictment. He concedes his 1997 conviction qualifies as a sex offense under SORNA. But he argues the offense is not comparable to a Tier II or Tier III sex offense. According to Mr. Fitzgerald, his conviction qualifies as only a Tier I offense and because more than fifteen years have passed, he was no longer required to register under SORNA at the time of his offense conduct date. As a result, he argues the Government cannot sustain its SORNA charge against him. The Government responds that Mr. Fitzerald's conviction qualifies as a Tier III sex offense because it is comparable to aggravated sexual abuse in violation of 18 U.S.C. § 2241.

## ANALYSIS

When evaluating whether a conviction is "comparable to or more severe than" a federal crime within the meaning of SORNA, the Ninth Circuit uses the categorical approach. *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014). Under the categorical approach, the Court is to compare the elements of attempted rape in the second degree with the elements of attempted aggravated sexual abuse under 18 U.S.C. § 2241. *See United States v. Descamps*, 570 U.S. 254, 260-61, 133 S.Ct. 2276, 186 L.Ed. 2d 438 (2013). Thus, Mr.

ORDER ON MOTION TO DISMISS -- 3

Fitzgerald's prior conviction may properly serve as a predicate for his classification as a Tier III sex offense if the Washington statute for attempted rape in the second degree is defined more narrowly than, or has the same elements as, the "generic" federal crimes. *Cabrera-Gutierrez*, 756 F.3d at 1133. If, however, attempted rape in the second degree "sweeps more broadly" than the federal crimes, Mr. Fitzgerald's prior conviction cannot serve as a statutory predicate for his Tier III classification. *Id*. (quoting *Descamps*, 570 U.S. at 261).

The "key" to the categorical comparison is only the "'statutory definitions'—i.e., the elements—of a defendant's prior offense and *not* 'to the particular facts underlying'" the conviction. *Descamps*, 570 U.S. at 261 (emphasis in original) (quoting *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). The Court must presume Mr. Fitzgerald's prior conviction "rested upon [nothing] more than the least of th[e] acts criminalized" by attempted rape in the second degree. *United States v. Baldon*, 956 F.3d 1115, 1125 (9th Cir. 2020) (alterations in original) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190-91, 133 S. Ct. 1678, 185 L.Ed. 2d 727 (2013)). Thus, the Court cannot consider the facts giving rise to Mr. Fitzgerald's conviction, even if such facts establish his conduct was equivalent to federal sexual abuse or aggravated sexual abuse. *Cabrera-Gutierrez*, 756 F.3d at 1133.

ORDER ON MOTION TO DISMISS -- 4

1   Mr. Fitzgerald was convicted of attempted second degree rape in violation of
2   former RCW 9A.44.050(1)(a) (1993) and 9A.28.020(1) (1994). In 1996, former
3   RCW 9A.44.050(1)(a) (1993) provided "[a] person is guilty of rape in the second
4   degree when, under circumstances not constituting rape in the first degree, the
5   person engages in sexual intercourse with another person . . . [b]y forcible
6   compulsion". Under former RCW 9A.28.020(1) (1994), "[a] person is guilty of an
7   attempt to commit a crime if, with intent to commit a specific crime, he does any
8   act which is a substantial step toward the commission of that crime."

While a conviction for violation of former RCW 9A.44.050(1)(a) (1993) alone does not have a specific intent requirement, a conviction for attempted rape does. *See State v. Aumick*, 73 Wn. App. 379, 383, 869 P.2d 421 (1994), *aff'd*, 126 Wn.2d 422, 894 P.2d 1325 (1995). A conviction for attempted rape in the second degree in violation of former RCW 9A.44.050(1)(a) (1993) and RCW 9A.28.020(1) (1994) thus requires proof of two elements: (1) the defendant intended to engage in sexual intercourse by forcible compulsion and (2) the defendant took a substantial step toward doing so. *See also State v. DeRyke,* 149 Wn.2d 906, 913, 73 P.3d 1000 (2003)).

Washington defines sexual intercourse as follows:

(1) "Sexual intercourse"
(a) has its ordinary meaning and occurs upon any penetration, however slight, and

ORDER ON MOTION TO DISMISS -- 5

    (b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and
    (c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.
    (2) "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party.

RCW 9A.44.010 (1994).

The federal offense for aggravated sexual abuse makes it a crime to knowingly cause another person to engage in a sexual act "by using force against that other person". 18 U.S.C.A. § 2241(a)(1). Attempt is expressly provided for within the federal statute for aggravated sexual abuse, to which we apply the common law definition. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000). Attempt at common law required the Government to prove "that the defendant had the specific intent to commit the underlying crime and took some overt act that was a substantial step toward committing that crime." *Id.* at 1190.

A conviction for an attempted violation of 18 U.S.C. § 2241(a) thus requires two essential elements: (1) the defendant intended to use force to cause the victim to engage in a sexual act and (2) the defendant did something that was a substantial step toward committing the crime. Model Crim. Jury Instr. 9th Cir. 20.2,

ORDER ON MOTION TO DISMISS -- 6

Attempted Aggravated Sexual Abuse. *See also United States v. Sneezer*, 900 F.2d 177, 178-79 (9th Cir. 1990).

A sexual act is defined as:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving in the penis occurs upon penetration, however slight;
(B) contact between the mouth and the penis, the mouth and the volva, or the mouth and the anus;
(C) the penetration, however slight, of the anal or genital opening of another by hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arose or gratify the sexual desire of any person; or
(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person

18 U.S.C. § 2246(2).

Under both Washington and federal law, the intent at issue in an attempt crime is the that of accomplishing a criminal result. *See, e.g., United States v. Linehan,* 56 F.4th 693, 705-06 (9th Cir. 2022); *DeRyke,* 149 Wn.2d at 913. *See also* Wayne R. LaFave, *Substantive Criminal Law* § 11.3 (Attempt – the mental state) (3d ed. 2024). Thus, under both attempted rape in the second degree in violation of former RCW 9A.44.050(1)(a) (1993) and 9A.28.020(1) (1994) and attempted aggravated sexual abuse in violation of 18 U.S.C. § 2241(a), the prosecution must prove the defendant (1) had an intent to use force to accomplish

ORDER ON MOTION TO DISMISS -- 7

either penetrative sex or oral sex and (2) a substantial step towards doing so. This is a categorical match. Mr. Fitzgerald's challenge to the Indictment therefore fails.

ACCORDINGLY, IT IS ORDERED that Mr. Fitzgerald's motion to dismiss, **ECF No. 30**, is **DENIED**. The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** February 20, 2025

REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER ON MOTION TO DISMISS -- 8